IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WENDY MONROY ZAPATA<br>    *Plaintiff* | §<br>§<br>§ | |
| VS. | §<br>§ | CIVIL ACTION NO. 3:22-cv-1608<br>JURY REQUESTED |
| LANDSTAR INWAY, INC.,<br>DUVAL SEMI TRAILERS, AND<br>EDWIN HOLLAND, II<br>    *Defendants* | §<br>§<br>§<br>§ | |

## DEFENDANT LANDSTAR INWAY, INC.
## NOTICE OF REMOVAL OF CIVIL ACTION

COMES NOW Defendant LANDSTAR INWAY, INC., and files this Notice of Removal, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

1. Plaintiff WENDY MONROY ZAPATA ("Plaintiff") filed Plaintiff's Original Petition on July 5, 2022, in the Dallas County District Court which is within the Dallas Division of the Unites States District Court for the Northern District of Texas. The case carries the style of *Wendy Monroy Zapata v. Landstar Inway Inc. a corporation, and Duval Semi Trailers, a corporation, and Edwin Holland II, an individual;* Cause No.: CC-22-03509-B, in County Court at Law No. 2, Dallas County, Texas. Under 28 U.S.C. § 1446(a), removal to this Division of this District is proper.

2. In the Original Petition Plaintiff alleges that on or about February 27, 2021, Plaintiff was involved in an accident with a tractor-trailer driven by Edwin Holland II ("Holland") and that Holland was in the course and scope of his employment with Landstar Inway, Inc. ("Landstar") and/or Duval Semi Trailers ("Duvall") in Dallas County, Texas. Plaintiff claims to have sustained personal injuries and damages and is seeking to recover (a) pain and suffering, (b) past and future mental anguish, (c) past and future impairment, (d) medical expenses, (e) past and future lost wages

1

and diminished earning capacity; (f) property damage including loss of use, (g) pre-judgment and post-judgment interest as allowed by law; and (h) costs of suit. Plaintiff's Original Petition alleges a monetary relief over $250,000 but less than $1,000,000.00. (Ex. B, Orig. Pet., at § I).

3.  Landstar was served through its agent for service of process on or about July 19, 2022. (Ex. F, Landstar ROS). Landstar has its principal place of business in Jacksonville, Florida. It is not incorporated in Texas.

4.  Duval was served through its agent for service of process on or about July 19, 2022. (Ex. G, Duval ROS). On information and belief, Duval is Georgia Corporation with its principal place of business in Conley, Georgia. The crash report from the accident states that Duval, as the owner of the trailer, was in Jefferson, Maine. It is not incorporated in Texas.

5.  Plaintiff is an individual and a resident and citizen of the Dallas County, Texas. (Ex. B, Orig. Pet., at § I).

6.  As of the date of this Notice of Removal, Plaintiff has not effectuated service on Edwin Holland. (Ex. A, Docket Sheet). This Notice of Removal is therefore filed before Holland has been properly served in the cause pending in the County Court at Law No. 2, Dallas County, Texas. *See* 28 U.S.C. § 1441(b)(2); *Texas Brine Co. v. American Arbitration Ass'n,* 955 F.3d 482, 486-87 (5th Cir. 2020); *Mirman Grp., LLC v. Michaels Stores Procurement Co., Inc.,* No. 3:20-CV-1804-D, 2020 WL 5645217, at *3 (N.D. Tex. Sept. 22, 2020); *Baker v. Bell Textron, Inc.,* No. 3:20-CV-292-X, 2020 WL 5513431, at *3 (N.D. Tex. Sept. 14, 2020).

7.  This Notice of Removal is filed within 30 days after receipt by Landstar of a copy of the Petition in combination with service of the summons, in compliance with 28 U.S.C. § 1446(b).

8.  The Action is one which may be removed to this Court by Landstar pursuant to 28 U.S.C. §§ 1441 and 1446, and over which this Court has original jurisdiction pursuant to 28 U.S.C. §

1332, because diversity of citizenship exists between the Plaintiff and the defendants, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

9. Removal is not barred by 28 U.S.C. § 1445.

10. Pursuant to 28 U.S.C. § 1446(a), Landstar has attached hereto an Index of Documents filed in State Court, which includes the following:

- Ex. A, State Court Docket Sheet;
- Ex. B, Plaintiff's Original Petition (filed 7/5/2022);
- Ex. C, Citation for Landstar (7/18/2022);
- Ex. D, Citation for Edwin Holland (7/18/2022);
- Ex. E, Citation for Duval (7/18/2022) ;
- Ex. F, Return of Service for Landstar (7/19/2022);
- Ex. G, Return of Service for Duval (7/19/2022).

11. All pleadings, process, orders, and other filings in the state court action are attached to this notice as required by 28 U.S.C. §1446(a).

12. Venue is proper in the Northern District under 28 U.S.C. §1441(a) because the state court where the action has been pending is located within this District.

13. Defendant will promptly file a copy of this Notice of Removal with the Clerk of the state court where the action has been pending.

14. On or about the date of this filing, Defendant served upon counsel for the Plaintiff a copy of the "Defendant's Notice of Removal of Civil Action."

### REQUEST FOR HEARING AND JURISDICTIONAL DISCOVERY

15. If Plaintiff contests this removal, Defendant requests:

    (a) a hearing regarding this Court's jurisdiction over, and the propriety of

removal of this matter; and

  (b)  leave to conduct limited discovery related to issues surrounding the existence of diversity jurisdiction.

WHEREFORE, Defendant LANDSTAR INWAY, INC., by counsel, requests that this Court remove the action from the Dallas County Court at Law No. 2 to The United States District Court for the Northern District of Texas, Dallas Division.

        Respectfully submitted,

        **COX P.L.L.C.**

        */s/ Clinton Cox*

        **CLINTON COX**
        State Bar No. 24040738
        ccox@coxpllc.com
        **Bill W. Sanford**
        State Bar No. 24041864
        **bsanford@coxpllc.com**
        8144 Walnut Hill Lane, Suite 1090
        Dallas, Texas 75231
        Tel: (214) 444-7050
        Fax: (469) 340-1884

        **ATTORNEYS FOR DEFENDANT**
        **LANDSTAR INWAY, INC.**

## **CERTIFICATE OF SERVICE**

   I hereby certify that all counsel of record are being served with a copy of this document via the Court's CM/ECF system on the 22nd day of July, 2022.  A true and correct copy of the foregoing Defendant's Notice of Removal was served upon counsel of record in compliance with the Federal Rules of Civil Procedure by e-service, e-mail, certified mail, return receipt requested, telephonic communications, hand delivery and/or U.S. Mail on this the 22nd day of July, 2022

*/s/ Clinton V. Cox*

Clinton V. Cox
Bill W. Sanford